UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Emergy Inc., | No. 2:21-cv-02417-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| The Better Meat Co., et al., | |
| Defendants. | |

Emergy Inc. and The Better Meat Co. have both filed lawsuits in this court concerning their respective intellectual property rights in a mycelium-based meat substitute. On December 17, 2021, Better Meat filed a complaint against Emergy and an Emergy investor. *See generally* Compl., ECF No. 1, Case No. 2:21-cv-02338-KJM-CKD. Ten days later, and seven days after being served with Better Meat's complaint,[1] Emergy filed this lawsuit against Better Meat and a former employee. *See generally* Compl., ECF No. 1, Case No. 2:21-cv-02417-KJM-CKD. Emergy alleges Better Meat stole its technique for generating a mycelium-based meat substitute. Better Meat alleges Emergy's claims are a baseless attempt to sabotage a competitor.

Although many motions are pending in these cases, only one is pressing at the moment. Better Meat moves to dismiss or stay Emergy's lawsuit under the first-to-file rule. *See* Mot.

---

[1] *See* Emergy Proof of Service, ECF No. 11, Case No. 2:21-cv-02338-KJM-CKD.

1

Dismiss, ECF No. 26. Emergy argues the first-to-file rule does not apply and further contends "consolidation (with Emergy as the plaintiff) may be an appropriate course of action." Opp'n at 11, ECF No. 33. Emergy encourages the court to fully resolve the many pending motions in both cases and then determine whether consolidation would be "in the interest of judicial economy." *Id.* at 12.

The court declines to dismiss Emergy's lawsuit under the first-to-file rule. The first-to-file rule does not apply to matters pending before the same judge. *See Rodriguez v. Taco Bell Corp.*, No. 13-1498, 2013 WL 5877788, at *3 (E.D. Cal. Oct. 30, 2013) ("[T]he concerns justifying the application of the first-to-file rule, particularly those relating to federal comity, do not apply when both cases are pending before the same judge in the same court."). Nor does consolidation appear appropriate at this stage: There is no indication that consolidation would "aid in the efficient and economic disposition of [this] case." *Dixon v. Larosa*, No. 10-1441, 2011 WL 109143, at *1 (E.D. Cal. Jan. 12, 2011) (citation omitted).

The rule applicable to the cases and pleadings here is Federal Rule of Civil Procedure 13(a), which requires in pertinent part that certain claims to be filed as compulsory counterclaims:

> A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a)(1). The Ninth Circuit applies the "logical relationship" test to classify a cause of action as a compulsory counterclaim. *Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1110 (9th Cir. 2013). "A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." *Id.* (citation omitted).

Much like the first-to-file rule, "[t]he purpose of requiring a defendant to assert his claim as a counterclaim in a pending action is 'to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters.'" *Seattle Totems*

2

*Hockey Club, Inc. v. Nat'l Hockey League*, 652 F.2d 852, 854 (9th Cir. 1981) (quoting *S. Constr. Co. v. Pickard*, 371 U.S. 57, 60 (1962)).  Rule 13(a) is "'particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint.'"  *Mitchell v. CB Richard Ellis Long Term Disability Plan*, 611 F.3d 1192, 1201 (9th Cir. 2010) (quoting *Local Union No. 11, Int'l B'hood of Elec. Workers v. G.P. Thompson Elec., Inc.*, 363 F.2d 181, 184 (9th Cir. 1966)).

Emergy's claims in this action satisfy the requirements of Rule 13(a).  First, they bear a "logical relationship" to Better Meat's claims and "arise[] out of the transaction or occurrence that is the subject matter of [Better Meat's] claim[s]," Fed. R. Civ. P. 13(a)(1)(A), i.e., the dispute about the ownership of intellectual property rights, the origins of Better Meat's intellectual property, and the propriety of Emergy's efforts to enforce its rights.  Emergy repeatedly acknowledges as much in its notice of related cases.  *See, e.g.*, Not. at 3, ECF No. 3 ("The two matters . . . involve the same transactions and events.").  Second, adding Emergy's claims to Better Meat's action would not "add[] another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1)(B).  Both actions rest on the same undisputed jurisdictional foundation, and neither party disputes this court's jurisdiction over the other's claims.

Based on the above, the court's tentative conclusion is to grant Better Meat's motion, dismiss or stay Emergy's case, and direct Emergy to file the claims it attempted to assert here as counterclaims in Better Meat's lawsuit.  Before finally resolving the motion in this way, however, the court will provide the parties an opportunity to show cause, if any there be, why this approach is not superior to consolidation while fully meeting the parties' and the court's needs.  The parties shall submit any supplemental briefing on or before June 7, 2022.  The briefs shall not exceed ten pages.

IT IS SO ORDERED.

DATED:  May 24, 2022.

CHIEF UNITED STATES DISTRICT JUDGE